IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON NICHOLAS GRAY, | No. C 11-02383 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| vs. | |
| THOMAS S. WORTHINGTON, et al., | |
| Defendants. | |

On May 16, 2011, Plaintiff, an inmate at the Correctional Training Facility in Soledad, California, filed in pro se a "criminal complaint" against various officials of Monterey County. (Docket No. 1.) The same day, the Clerk of the Court sent a notification to Plaintiff that his complaint was deficient because he had neither paid the filing fee or an in forma pauperis application. (Docket No. 2.) Plaintiff was advised to respond within thirty days to avoid dismissal of the action. (Id.) Plaintiff was also provided with two copies of the court's In Forma Pauperis Application. (Id.)

In response, on May 31, 2011, Plaintiff filed a letter stating that his case was "missed filed [*sic*]" as a civil action when it was clearly intended to be filed as a criminal action. (Docket No. 3.) According to the allegations in the "criminal

Order of Dismissal
P:\PRO-SE\SJ.EJD\CR.11\02383Gray_dism.heck.wpd

1  complaint," Plaintiff alleges that Defendants are guilty of "malfeasance of office,"
2  slavery, fraud, false documents, conspiracy, and extortion in the course of his state
3  conviction in Monterey County. (Compl. at 3-5.) Plaintiff also seeks to recover
4  damages for their alleged violations. (Id. at 7-8.)

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Plaintiff's Claims

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 487 (1994).[1] A plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[1] Heck applies equally to claims brought under §§ 1983, 1985 and 1986. McQuillion v. Schwarzenegger, 369 F.3d 1091, 1098, n. 4 (9th Cir. 2004).

Order of Dismissal
P:\PRO-SE\SJ.EJD\CR.11\02383Gray_dism.heck.wpd            2

federal court's issuance of a writ of habeas corpus. Id. at 486-87.

Here, Plaintiff's allegations that he is unlawfully incarcerated due to Defendants' allegedly unconstitutional actions would, if successful, necessarily imply the invalidity of his state court conviction. It appears from the attachments to the complaint that Plaintiff has attempted to attack the conviction by filing state habeas petitions. (Compl. Exs. 2, 3.) However, he has failed to show that the conviction has otherwise been reversed. See id. As such, Plaintiff's claims are barred by Heck and must be dismissed.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice to Plaintiff's filing a new complaint if the challenged conviction and sentence are later invalidated. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

## CONCLUSION

Plaintiff's complaint is hereby DISMISSED without prejudice for failure to state a cognizable claim for which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).

The Clerk shall terminate all pending motions and close the file.

DATED: July 6, 2011



EDWARD J. DAVILA
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.EJD\CR.11\02383Gray_dism.heck.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BRANDON NICHOLAS GRAY,

    Plaintiff,

v.

THOMAS S WORTHINGTON, et al.,

    Defendants.

Case Number: CV11-02383 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/6/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brandon Nicholas Gray T-73201
CTF
P. O. Box 0705
Soledad, CA 93960-0705

Dated: 7/6/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk